■ CHARLES CLOSS, III, et al., Plaintiffs-Respondents, v JOYCE WELSH et al., Appellants. ANN COLLYDAS et al., Respondents, v CHARLES T. CLOSS et al., Respondents, and JOYCE WELSH, Appellant.—In two negligence actions to recover damages for personal injuries, etc., which actions were jointly tried, (1) in the first above-entitled action defendants Welsh appeal from a judgment of the Supreme Court, Queens County, entered April 28, 1975, upon a jury verdict, in favor of plaintiffs and (2) in the second above-entitled action defendant Welsh appeals, as limited by her brief, from so much of a judgment of the Supreme Court, Queens County, entered April 21, 1975, upon a jury verdict, as is (a) in favor of plaintiff Ann Collydas and against her and (b) in favor of defendants Closs as against plaintiffs on the issue of liability. Judgments affirmed insofar as appealed from, with one bill of costs jointly to respondents appearing separately and filing separate briefs. The jury verdicts were supported by the evidence. It was not error for the trial court to exclude testimony as to the speed of the vehicle operated by plaintiff Charles Closs, III, from a police officer who said that he had not determined the speed; nor was it error to refuse to give a certain charge from the New York Pattern Jury Instructions regarding turns across traffic at places other than intersections, since the accident herein occurred at an intersection. Notwithstanding the fact that appellants' refusal to settle the

case was mentioned a number of times, we find nothing to indicate that the trial court considered, or was in any way influenced by, the refusal to settle. In any event, no objection, or request to the trial court to disqualify itself for bias, was ever made. Finally, the physical injuries concededly sustained were sufficient to support the damage awards herein. Martuscello, Acting P. J., Latham, Cohalan, Rabin and Titone, JJ., concur.